1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MIGUEL WILSON YOUNG,

11              Petitioner,              No. CIV-S-04-0389 DFL KJM P

12        vs.

13   JOE MCGRATH,

14              Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner is a California prisoner proceeding pro se with an application for writ of

17   habeas corpus under 28 U.S.C. § 2254.  Respondent has filed a motion to dismiss arguing that

18   this action is time-barred.

19              Title 28 U.S.C. § 2244(d)(1) provides as follows:

20              A 1-year period of limitation shall apply to an application for a writ
               of habeas corpus by a person in custody pursuant to the judgment
21              of a State court.  The limitation period shall run from the latest of –

22              (A) the date on which the judgment became final by the conclusion
               of direct review or the expiration of the time for seeking such
23              review;

24              (B) the date on which the impediment to filing an application
               created by State action in violation of the Constitution or laws of
25
               the United States is removed, if the applicant was prevented from
26              filing by such State action;

                                        1

1
       (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

2
       recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

4
       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

5

6
28 U.S.C. § 2244(d)(1).

7
       On October 3, 2001, petitioner filed in the California Supreme Court a petition for

8
review of the California Court of Appeal's denial of petitioner's appeal of his conviction and

9
sentence. Resp't's Lodged Doc. # 1. The petition for review was denied November 20, 2001.

10
Resp't's Lodged Doc. # 2. Petitioner's conviction became final for purposes of § 2244(d)(1)(A)

11
on February 18, 2002 when time expired for petitioner to seek a writ of certiorari with respect to

12
the California Supreme Court's denial of petitioner's request for review. See Bowen v. Roe, 188

13
F.3d 1157, 1158-59 (9th Cir. 1999) ("We hold that the period of 'direct review' in 28 U.S.C.

14
§ 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of

15
certiorari from the United States Supreme Court, whether or not the petitioner actually files such

16
a petition.").

17
       Title 28 U.S.C. § 2244(d)(2) provides that "the time during which a properly filed

18
application for State post-conviction or other collateral review with respect to the pertinent

19
judgment or claim is pending shall not be counted toward any period of limitation under this

20
subsection." 28 U.S.C. § 2244(d)(2).

21
       Petitioner filed his first application for state post-conviction relief in the Superior

22
Court of Sacramento County on February 11, 2002, before the one year limitations period

23
established by § 2244(d)(1) began to run. Resp't's Lodged Doc. # 3. The application was denied

24
on March 13, 2002. Resp't's Lodged Doc. # 4. Petitioner filed a second application in the

25
California Court of Appeal on May 16, 2002. Resp't's Lodged Doc. # 5. That application was

26
/////

1     denied on July 3, 2002.  Resp't's Lodged Doc. # 6.  Respondent concedes that petitioner was

2     entitled to tolling of the limitations period through July 3, 2002.  Mot. at 6:5-13.

3                 Petitioner filed his third application in the California Supreme Court on July 22,

4     2002.  Resp't's Lodged Doc. # 7.   The application, which included two DNA-related claims and

5     one claim based on a "three strikes" challenge, was denied on March 13, 2003.  Resp't's Lodged

6     Doc. # 8.  The order denying petitioner's application reads as follows:

7                 Petition for writ of habeas corpus is DENIED.  (But see Penal
                 Code section 1405.)

8

9     Id.  Respondent claims that the "But see. . ." phrase indicates that petitioner's state Supreme

10    Court application was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) and

11    therefore petitioner is not entitled to tolling for the period of time this application was pending.

12    Mot. at 6:24 -7:20.  The court does not agree.  As noted by respondent, California Penal Code

13    section 1405, as it read in 2002, provided that a person serving a felony sentence may file a

14    motion with the trial court that entered the judgment of conviction for DNA testing.  Id. at 7:3-7.

15    Contrary to respondent's interpretation, however, by including the "But see Penal Code section

16    1405" reference, the California Supreme Court appears to have been indicating that, despite its

17    decision with respect to petitioner's application, petitioner still could utilize the different

18    procedures set forth in the Penal Code with regard to his DNA-related claims, if appropriate.

19    Because the DNA testing procedures provide a different remedy than a petition in habeas, the

20    court's reference cannot reasonably be construed as a determination that the habeas petition,

21    which included one non-DNA-related claim, was not "properly filed."  Bolstering this conclusion

22    is the fact that petitioner previously had submitted to the superior court the DNA-related claims

23    included in his third application.  See Lodged Doc. #3.  Accordingly, petitioner is entitled to

24    tolling while his state supreme court application was pending, as well as for the nineteen day

25    period between the denial of petitioner's second application, and the filing of the third.  See

26    Carey v. Saffold, 536 U.S. 214, 221-25 (2002); Evans v. Chavis, 546 U.S. 189, 126 S. Ct. 846,

1   852 (2006).  Petitioner also is entitled to tolling for thirty days after the California Supreme Court

2   rendered its decision, through April 13, 2003.  <u>Bunney v. Mitchell</u>, 262 F.3d 973 (9th Cir. 2001).

3         Before the thirty days ran, petitioner filed a fourth application for post-conviction

4   relief on March 19, 2003 in the California Supreme Court.  Resp't's Lodged Doc. # 9.  This

5   application was denied on January 28, 2004.  In its denial, the California Supreme Court cited "*In*

6   *re Clark* (1993) 5 Cal.4th 750."   A citation to <u>Clark</u> does indicate the application was not timely.

7   <u>See</u> <u>King v. Lamarque</u>, 464 F.3d 963, 965 (9th Cir. 2006).  Because his fourth petition was

8   denied as untimely, petitioner is not entitled to tolling of the limitations period for the more than

9   ten months it was pending.  <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 417 (2005).  Accordingly, the

10  limitations period began to run in this action on April 13, 2003, when the California Supreme

11  Court's denial of petitioner's third application for state collateral relief became final.

12        The limitations period then ran for 32 days until petitioner filed his fifth

13  application for state collateral relief in the California Court of Appeal on May 16, 2003.  Resp't's

14  Lodged Doc. #11.  This application was denied on June 20, 2003.  Resp't's Lodged Doc. #12.

15  Respondent concedes that petitioner is entitled to tolling while his fifth application was pending.

16  Mot. at 8:2-13.

17        Petitioner filed his sixth application in the California Supreme Court on June 30,

18  2003.  Resp't's Lodged Doc. #13.  This petition was denied on the same day as the fourth

19  petition, January 28, 2004, also with a citation to <u>In re Clark</u>.  Resp't's Lodged Doc. #14.

20  Therefore, petitioner is not entitled to tolling while the sixth application was pending, <u>King</u>, 464

21  F.3d at 965, and also is not entitled to tolling between the day the California Court of Appeal

22  denied petitioner's fifth application on June 20, 2003, and the filing of petitioner's sixth

23  application in the California Supreme Court.  <u>Evans v. Chavis</u>, 546 U.S. 189, 126 S. Ct. 846, 852

24  (2006).  As of January 28, 2004 when the sixth petition was denied, then, 254 days of the

25  limitations period had expired.

26  /////

1     This action was commenced on February 9, 2004 when petitioner filed his original

2  application for writ of habeas corpus in the United States District Court for the Northern

3  California.[1]  As of February 8, 2004, 265 days of the limitations period had expired.

4     On July 6, 2005, petitioner filed the amended application for writ of habeas

5  corpus, which is now the operative application in this case.  Respondent argues that the amended

6  application is not timely because the claims asserted therein do not "relate back" for statute of

7  limitations purposes to the date of the filing of the original habeas petition.

8     The United States Supreme Court has held that claims asserted in an amended

9  application will "relate back" to the original application for statute of limitations purposes under

10  Federal Rule of Civil Procedure 15(c)(2) if the claims raised in the original and amended

11  application arise from a "common core of operative facts."  Mayle v. Felix, 545 U.S. 644, 125 S.

12  Ct. 2562, 2574-75 (2005).  To determine whether Felix's amended claims related back to the

13  original petition, the Court focused on the "key words" of Rule 15(c)(2): "conduct, transaction,

14  or occurrence," and found specifically that "relation back depends on the existence of a common

15  'core of operative facts' uniting the original and newly asserted claims."  Id. at 2571-72.  Felix's

16  amended petition did not meet this standard because it "targeted separate episodes, the pretrial

17  police interrogation of witness Williams in his original petition, his own interrogation at a

18  different time and place in his amended petition."  Id. at 2572.  In a footnote, the Court cited two

19  proper examples of "relating back."  The first involved an original challenge to the prosecution's

20  failure to comply with its obligation to provide exculpatory materials to the defense and an

21  amended petition raising the  failure to provide a particular report.  The Court noted that both

22  pleadings "related to evidence obtained at the same time by the same police department."  Id. at

23  2575 n.7.  The second involved an original petition challenging the trial court's admission of a

24  witness's recanted statements, while the amended petition challenged the court's refusal to allow

25

26     [1]  The petition was transferred to this court on February 25, 2004.

1   the defendant to show the statements had been recanted; the Supreme Court quoted the lower

2   court's recognition that relation back would be appropriate if the new claim was based on the

3   same facts as the original pleading, but only changed the legal theory.  Id.

4        In his original habeas application in this matter, petitioner identifies his claims as

5   follows:

6            1) 3 strikes; 2) ineffective counsel; 3) insufficient evidence; 4)
             D.A. misconduct; 5) jury instruction; 6) D.N.A. testing.  This is all
7            the stuff that was talked about; 7) Oh yea and also the judge denied
             me a continuance to do D.N.A. which was important evidence for
8            my case.

9   Pet. at 6.  Petitioner does not state anything further in support of these claims.

10        In his amended petition, petitioner claims: (1) his trial counsel's failure to seek

11  and obtain DNA testing deprived petitioner of the right to effective assistance of counsel, and (2)

12  "California's three strikes law is an ex-post facto violation of petitioner's fourteenth amendment

13  right to due process."  Am. Pet. at I.

14        Petitioner's identification of claims in his original habeas application is vague on

15  its face.  The only facts petitioner identifies in his original habeas petition that might support a

16  claim for relief is that the trial judge denied petitioner a continuance to do DNA testing.  See

17  Rule 2, Rules Governing § 2254 Proceedings.  However, it is not apparent that the core facts of

18  this claim are common to petitioner's claim in his amended petition that trial counsel was

19  ineffective for failing to seek and obtain DNA testing.  Petitioner's original claim concerns the

20  actions of the trial judge at a hearing on a motion for a continuance.  The claim raised in

21  petitioner's amended petition concerns the actions of trial counsel in preparing (or not) for trial.

22  See Mayle, 125 S. Ct. at 2574-75 (petitioner's Fifth Amendment challenge to pretrial statements

23  made by him during a police interview did not arise from the same common core of facts as

24  petitioner's Sixth Amendment challenge to statements made during a separate jailhouse

25  interview of a witness).  In any case, petitioner has not shown in his opposition that plaintiff's

26  claim concerning the denial of a continuance and his ineffective assistance of counsel claim arise

1   from a common core of operative facts.

2          After petitioner commenced this action, petitioner filed his seventh and final

3   application for state collateral relief in the California Supreme Court on February 13, 2004.

4   Resp't's Lodged Doc. #15.  Through February 12, 2004, 269 days of the limitations period had

5   expired with respect to the claims asserted in petitioner's amended petition.  The seventh petition

6   was denied on January 12, 2005 with a citation to In re Clark, rendering that petition untimely.

7   Therefore, petitioner is not entitled to tolling while the seventh petition was pending.  Pace, 544

8   U.S. at 417.  The limitations period ran out with respect to the claims presented in petitioner's

9   amended petition by May 18, 2004, nearly one year before those claims were presented to this

10  court.  Accordingly, respondent's motion to dismiss should be granted.

11         In accordance with the above, IT IS HEREBY RECOMMENDED that:

12             1.  Respondent's June 23, 2006 motion to dismiss be granted; and

13             2.  This case be closed.

14         These findings and recommendations are submitted to the United States District

15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

16  days after being served with these findings and recommendations, any party may file written

17  objections with the court and serve a copy on all parties.  Such a document should be captioned

18  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

19  shall be served and filed within ten days after service of the objections.  The parties are advised

20  that failure to file objections within the specified time may waive the right to appeal the District

21  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22  DATED:  February 1, 2007.

23

24                                                  _____

25                                                  U.S. MAGISTRATE JUDGE

26  1 youn0389.157

7