IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL WILSON YOUNG,

    Petitioner,                         No. CIV S-04-0389 DFL KJM P

    vs.

JOE MCGRATH,

    Respondent.                     ORDER

_____/

    Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

    On February 2, 2007, the magistrate judge filed findings and recommendations which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Petitioner has timely filed objections to the findings and recommendations.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the court adopts the findings and recommendations as to the timeliness of petitioner's original application. The court, however, declines to follow the magistrate judge's findings and

1

recommendations as to the relation back of petitioner's amended application.

Under Federal Rule of Civil Procedure 15(c), "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Mayle v. Felix, 545 U.S. 644, 664 (2005). The magistrate judge found that petitioner could not demonstrate that the original and amended application arose from a common core of operative facts because petitioner failed to develop the factual basis for his claim in the original application. The magistrate judge, therefore, recommended granting the motion to dismiss the amended application and closing the case. By recommending that the case be closed, the magistrate judge implicitly ruled that the original application failed to state a claim.

However, "before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." James v. Pliler, 269 F.3d 1124, 1126 (9th Cir. 2001) (quoting Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)). Rule 15(a)'s emphasis on facilitating "decisions on the merits, rather than on technicalities or pleadings . . . applies to habeas petitions with the same force that it applies to garden-variety civil cases." James, 269 F.3d at 1126 (quotation marks and citation omitted). Because AEDPA's one-year statute of limitations has run, petitioner may amend his application only if the expanded allegations arise from the same common core of operative facts as those underlying the original application. However, no opportunity has been provided to the petitioner to bolster his original claims with such facts.

Allowing pro se prisoners to amend factually inadequate applications after the statute of limitations has expired runs the risk of frustrating "Congress' decision to expedite collateral attacks by placing stringent time restrictions on [them]." Mayle, 545 U.S. at 657. But in this case the amendments sought by petitioner do not appear to "depend upon events separate in both time and type from the originally raised episodes." Id. (quotation marks and citation omitted). Petitioner's original pro se petition sought relief for "1) 3 strikes; 2) ineffective cousel [sic]; 3) insifficient evidince [sic]; 4) D.A. misconduck [sic]; 5) jury instruction; 6) D.N.A. testing. [. . .]

7) Oh yea and also the judge denied me a continuice [sic] to do D.N.A. which was important evidence for my case." Petitioner's amended petition, filed with assistance of counsel, claims that he "was denied the effective assistance of counsel by his lawyer's failure to seek and obtain DNA testing" and that "California's three strikes law is an ex-post facto violation of petitioner's Fourteenth Amendment due process rights." Because petitioner's original application alleges claims related to ineffective counsel and DNA testing, independent of the judge's decision to deny a continuance for such testing, the court concludes that petitioner sought to challenge his attorney's conduct related to DNA testing. The court also concludes that petitioner's original three strikes claim concerned the law's application to his sentence, thereby providing a common legal and factual core with the amended three strikes claim.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 2, 2007 are adopted except as to the relation back of petitioner's amended application; and

2. Respondent's June 23, 2006 motion to dismiss is denied.

DATED: March 29, 2007

/s/ David F. Levi
UNITED STATES DISTRICT JUDGE

/youn0389.805hc