1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MIGUEL WILSON YOUNG,

11          Petitioner,                    No. CIV-S-04-0389 RRB KJM P

12      vs.

13   JOE MCGRATH, et al.,

14          Respondents.              FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner is a state prisoner proceeding with an application for writ of habeas

17   corpus under 28 U.S.C. § 2254.  He challenges Sacramento County convictions for attempted

18   murder, first degree robbery and assault on grounds of ineffective assistance of counsel.

19   Petitioner also challenges the resulting prison sentence of seventy-years-to-life, which was

20   imposed under California's "Three Strikes Law," on ex post facto grounds.

21   /////

22   /////

23   /////

24   /////

25   /////

26   /////

1    I.  <u>Background</u>

2            Petitioner was found guilty by a jury.  After sentencing, petitioner appealed to the

3    California Court of Appeal.  The Court of Appeal summarized the facts supporting petitioner's

4    conviction as follows:

5            Defendant entered the home of an elderly couple late one night in
             February 1997.  He took property from both victims; threw the
6            wife to the ground, breaking her leg; and stabbed the husband
             multiple times with a knife.  Both victims required surgery as a
7            result of the attack.

8    Resp'ts' Lodged Doc. No. 20 at 2-3.  Petitioner's convictions and sentence were affirmed by the

9    Court of Appeal.  <u>Id</u>. at 7.  Petitioner asked the California Supreme Court to review the Court of

10   Appeal's decision.  Resp'ts' Lodged Doc. No. 1.  The California Supreme Court denied

11   petitioner's request.  Resp'ts' Lodged Doc. No. 2.

12           The claims presented in this action were not presented by petitioner on direct

13   appeal.  Rather, the claims were presented in state collateral actions.  Petitioner raised his first

14   claim, in which petitioner asserts ineffective assistance of counsel, in the Superior Court of

15   Sacramento County, the California Court of Appeal and the California Supreme Court.  Resp'ts'

16   Lodged Docs. No. 3 at 4, No. 5 at 6-8, No. 7 at 6-9, and No. 15 at 3.  Only the Superior Court of

17   Sacramento County issued a reasoned opinion with respect to petitioner's first claim.  Resp'ts'

18   Lodged Doc. No. 4 at 2-3.  Petitioner raised his second claim concerning his sentence in the

19   California Supreme Court.  Resp'ts' Lodged Doc. No. 7 at 10.  No California court issued a

20   reasoned opinion with respect to petitioner's second claim.

21   II.  <u>Habeas Corpus Standard</u>

22           An application for a writ of habeas corpus by a person in custody under a

23   judgment of a state court can be granted only for violations of the Constitution or laws of the

24   United States.  28 U.S.C. § 2254(a).  Also, federal habeas corpus relief is not available for any

25   /////

26   /////

claim decided on the merits in state court proceedings unless the state court's adjudication of the

claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA").  See Ramirez v. Castro, 365 F.3d 755, 773-775 (9th Cir. 2004) (Ninth Circuit affirmed lower court's grant of habeas relief under 28 U.S.C. § 2254 after determining that petitioner was in custody in violation of his Eighth Amendment rights and that § 2254(d) does not preclude relief); see also Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003) (Supreme Court found relief precluded under § 2254(d) and therefore did not address the merits of petitioner's Eighth Amendment claim).[1]  Courts are not required to address the merits of a particular claim, but may simply deny a habeas application on the ground that relief is precluded by 28 U.S.C. § 2254(d).  Lockyer, 538 U.S. at 71 (overruling Van Tran v. Lindsey, 212 F.3d 1143, 1154-55 (9th Cir. 2000) in which the Ninth Circuit required district courts to review state court decisions for error before determining whether relief is precluded by § 2254(d)).  It is the habeas petitioner's burden to show that he is not precluded from obtaining relief by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

/////

/////

/////

---

[1]  In Bell v. Jarvis, 236 F.3d 149, 162 (4th Cir. 2000), the Fourth Circuit Court of Appeals held in a § 2254 action that "any independent opinions we offer on the merits of constitutional claims will have no determinative effect in the case before us . . .  At best, it is constitutional dicta."  However, to the extent Bell stands for the proposition that a § 2254 petitioner may obtain relief simply by showing that § 2254(d) does not preclude his claim, this court disagrees.  Title 28 U.S.C. § 2254(a) still requires that a habeas petitioner show that he is in custody in violation of the Constitution before he or she may obtain habeas relief.  See Lockyer, 538 U.S. at 70-71; Ramirez, 365 F.3d at 773-75.

1    The "contrary to" and "unreasonable application" clauses of § 2254(d)(1)  are

2  different.  As the Supreme Court has explained:

3        A federal habeas court may issue the writ under the "contrary to"
         clause if the state court applies a rule different from the governing

4        law set forth in our cases, or if it decides a case differently than we
         have done on a set of materially indistinguishable facts.  The court

5        may grant relief under the "unreasonable application" clause if the
         state court correctly identifies the governing legal principle from

6        our decisions but unreasonably applies it to the facts of the
         particular case.  The focus of the latter inquiry is on whether the

7        state court's application of clearly established federal law is
         objectively unreasonable, and we stressed in Williams [v. Taylor,

8        529 U.S. 362 (2000)] that an unreasonable application is different
         from an incorrect one.

9

10  Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court does not apply a rule different from the

11  law set forth in Supreme Court cases, or unreasonably apply such law if the state court simply

12  fails to cite or fails indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8 (2002).

13    The court will look to the last reasoned state court decision in determining

14  whether the law applied to a particular claim by the state courts was contrary to the law set forth

15  in the cases of the United States Supreme Court or whether an unreasonable application of such

16  law has occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).  Where the state court fails

17  to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional

18  or federal law, the Ninth Circuit has held that this court must perform an independent review of

19  the record to ascertain whether the state court decision was objectively unreasonable.  Himes v.

20  Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  In other words, the court assumes the state court

21  applied the correct law, and analyzes whether the decision of the state court was based on an

22  objectively unreasonable application of that law.

23    It is appropriate to look to lower federal court decisions to determine what law has

24  been "clearly established" by the Supreme Court and the reasonableness of a particular

25  application of that law.  See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999).

26  /////

4

III.  Arguments And Analysis

    A.  Ineffective Assistance Of Counsel

            Petitioner's first claim is that he was denied effective assistance of counsel, as guaranteed by the Sixth Amendment, by his trial counsel.  Specifically, petitioner claims his trial counsel should have obtained DNA testing with respect to blood stains found on petitioner's pants.  Am. Pet. at 6-13.

            The Supreme Court has enunciated the standards for judging ineffective assistance of counsel claims.  See Strickland v. Washington, 466 U.S. 668 (1984).  First, a defendant must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness.  Id. at 688.  To this end, the defendant must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment.  Id. at 690.  The court must then determine whether in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance.  Id.  Second, a defendant must affirmatively prove prejudice.  Id. at 693.  Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome."  Id.; see also United States v. Murray, 751 F.2d 1528, 1535 (9th Cir. 1985); United States v. Schaflander, 743 F.2d 714, 717-18 (9th Cir. 1984) (per curiam).

            The Superior Court of Sacramento County denied petitioner's ineffective assistance of counsel claim because petitioner failed to establish prejudice flowing from trial counsel's failure to have DNA tests conducted on blood found on petitioner's pants.  Resp'ts' Lodged Doc. No. 4 at 2 ("petitioner attaches no reasonably available documentation to show what the results of the DNA test would have been, and how that would have made a difference in his trial had the evidence been introduced.").  After reviewing the record before this court, the court finds the decision reached by the Superior Court of Sacramento is sound.  Because the

1   results of DNA tests are unknown, it is impossible to say the lack of DNA testing prejudiced

2   petitioner's defense.[2]

3       B. Ex Post Facto / Due Process

4           The convictions used to enhance petitioner's sentence under California's "Three

5   Strikes Law" were sustained by petitioner in 1987 pursuant to pleas of guilty and before the

6   "Three Strikes Law" was enacted in 1994.  Resp'ts' Lodged Doc. No. 20 at 3-5 (reviewing prior

7   convictions).  In 1995, the language of the "Three Strikes Law" was scrutinized by the California

8   Court of Appeal, which found that a "strike" could have been incurred by a criminal defendant

9   before the "Three Strikes Law" was enacted.  People v. Reed, 33 Cal.App.4th 1608 (1st Dist.

10  1995).  Petitioner argues that before Reed it was not clear that any of his 1987 convictions could

11  be considered "strikes" under the "Three Strikes Law."  Because of this, petitioner argues, the

12  use of his 1987 convictions to enhance his sentence imposed in 1997 violates the Constitution's

13  prohibition against ex post facto laws and the Due Process Clause of the Fourteenth Amendment.

14  Am. Pet. at 18-21.

15          The Ninth Circuit Court of Appeals has found that as long as a sentence

16  enhancement statute is in effect at the time of the triggering offense, it is not an ex post facto

17  violation to allow a sentence to be enhanced under that statute by using an offense committed

18  before enactment.  See, e.g., U.S. v. Ahumada-Avalos, 875 F.2d 681, 683-84 (9th Cir. 1989).

19  Whether the Court of Appeal's finding in Reed extended the date of enactment of the "Three

20  Strikes Law," as petitioner suggests, is immaterial in this case because the crimes for which

21  petitioner was convicted in this action occurred after Reed was decided.  Under the law of this

22

23          [2]  The court notes that petitioner filed a motion in the Superior Court of Sacramento
    County for DNA testing under California Penal Code § 1405.  Resp'ts' Lodged Doc. No. 11,
24  App. 1.  The motion was denied on May 2, 2003.  Id., App. 5.  Petitioner appealed the Superior
    Court's decision to the California Court of Appeal, id., and the California Supreme Court,
25  Resp'ts' Lodged Doc. No. 13, App. 1.  Petitioner's appeals were denied.  Resp'ts' Lodged Docs.
    No. 12 & No. 14.  In this action, petitioner does not challenge the state courts' denial of his
26  motion for DNA testing nor does petitioner ask that this court order DNA testing.

1   Circuit, there is no ex post facto violation in this case.

2       Petitioner suggests that if his 1987 plea agreements contemplated that the law

3   could be changed with respect to how the resulting convictions could be used to enhance a

4   subsequent sentence, and that such a change could apply to a subsequent sentence imposed upon

5   petitioner, petitioner's pleas were either unintelligent or involuntary.[3]  Am. Pet. at 14.  There is

6   no legal authority to support the proposition that a defendant pleading guilty must be informed

7   how the resulting conviction might be used to enhance a future sentence associated with a crime

8   for which the defendant has not yet been charged, or that the law with respect to how the

9   resulting conviction could be used to enhance a future sentence for a future crime could change.

10  See U.S. v. Brownlie, 915 F.2d 527, 528 (9th Cir. 1990) (defendant need only be informed of

11  direct consequences of plea; the possibility that the defendant will be convicted of another

12  offense in the future and will receive an enhanced sentence is a not a direct consequence).

13  Petitioner's second claim should be rejected.

14  IV.  Conclusion

15      For all of the foregoing reasons, the court will recommend that petitioner's

16  application for writ of habeas corpus be denied.

17      In accordance with the above, IT IS HEREBY RECOMMENDED that

18  petitioner's application for writ of habeas corpus be denied.

19      These findings and recommendations are submitted to the United States District

20  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen

21  days after being served with these findings and recommendations, any party may file written

22  objections with the court and serve a copy on all parties.  Such a document should be captioned

23  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

24  shall be served and filed within five days after service of the objections.  The parties are advised

25

26      [3]  The Due Process Clause of the Fourteenth Amendment requires that a guilty plea be
    both voluntary and intelligent.  Boykin v. Alabama, 395 U.S. 238, 242 (1969).

1    that failure to file objections within the specified time may waive the right to appeal the District

2    Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3    DATED:  September 4, 2007.

4

5

6

7                           U.S. MAGISTRATE JUDGE

1

8    youn0389.157(a)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

8