IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL WILSON YOUNG,

        Petitioner,

vs.

JOE MCGRATH,

        Respondent.

Case No. 2:04-cv-00389 JKS KJM

ORDER

      Petitioner, a state prisoner represented by counsel, has timely filed a Notice of Appeal from the judgment entered herein on November 29, 2007. Docket No. 54.

      Before Petitioner can appeal the judgment, a Certificate of Appealability ("COA") must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A COA should be granted when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citations omitted).

      In this case, no reasonable jurist could find that 1) Petitioner met his burden of establishing prejudice from the alleged ineffective assistance of counsel; or 2) that his sentence under California's Three Strikes Law violated due process or the Constitutional prohibition against *ex post facto* laws.[1] Although Petitioner alleges prejudice from the failure of trial counsel to have DNA

---

[1] Petitioner's argument that his sentence under California's Three Strikes Law violates due process and the Constitutional prohibition against *ex post facto* laws is foreclosed by *United States v. Ahumada-Avalos*, 875 F.2d 681, 683-84 (9th Cir. 1989).

1

tests conducted on blood stains found on a pair of pants found in Petitioner's possession, Petitioner offers only speculation as to what the tests would have shown.[2]  As the magistrate judge noted, Petitioner attempted in state court to compel testing of the blood stains under California Penal Code § 1405 and lost at all levels.  *See* Docket No. 40 at 6 n.2.  Petitioner has not challenged that denial, or the subsequent destruction of the blood-stained pants in this action.[3]   Moreover, even if the tests did show the blood was Petitioner's rather than the victim's, this would not have exculpated Petitioner.  Given the non-exculpatory nature of Petitioner's claim, the state's interest in finality, and the Petitioner's failure to offer anything more than mere speculation, it cannot be said that reasonable jurists would debate whether the speculative evidence would have, more likely than not, changed the outcome of the trial.

For these reasons, the Court declines to issue a Certificate of Appealability; any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

**IT IS SO ORDERED**.


Dated this the 17th day of January 2008.


/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

---

[2]Petitioner alleges the DNA tests would have shown the blood was his and not the victim's, but offers no reasonably available evidence to support this conclusion.

[3]Destruction of the pants by the state well after conclusion of the trial does not excuse Petitioner's failure to test the pants.  Permanent loss by the state of evidence which is only potentially exculpatory requires a showing of bad faith.  *See Arizona v. Youngblood*, 488 U.S. 51, 58 (1988).  Petitioner has not so alleged, or even challenged the destruction of the pants.  The state's interest in finality and the Petitioner's failure to test the blood-stained pants in the years since his conviction support the conclusion that Petitioner has not demonstrated prejudice.  *See Grisby v. Blodgett*, 130 F.3d 365, 373 (9th Cir. 1997).

ORDER